UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MATTHEW W.,[1]

        Plaintiff,

   v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

Case No. 6:22-cv-01214-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff Matthew W. seeks judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-33, and Supplemental Security Income ("SSI") disability benefits under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f. This court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, the Commissioner's decision is REVERSED and REMANDED for immediate award of benefits.

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of plaintiff's last name.

1 – OPINION AND ORDER

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009–10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999)).

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since his alleged onset date of February 12, 2019. Tr. 17. At step two, the ALJ determined plaintiff

suffered from the following severe impairments: "degenerative disc disease status post surgeries on cervical spine including fusions, laminectomy, and hardware removal; bilateral carpal tunnel syndrome status post release surgeries; left rotator cuff tendonitis; and curvature of the spine." *Id.* At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. *Id.*

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined plaintiff has the capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except

> [H]e is limited to lifting no more than 10 pounds (either frequently or occasionally); no climbing ladders, ropes, or scaffolds; frequent stooping; no crawling; occasional pushing and pulling with the bilateral upper extremities; occasional bilateral overhead reaching; no hazards or vibrations; and frequent bilateral handling, fingering, and feeling.

Tr. 18. At step four, the ALJ found plaintiff was unable to perform any past relevant work. Tr. 24. However, considering plaintiff's age, education, work experience, and RFC, the ALJ concluded there were jobs that existed in significant numbers in the national economy that plaintiff could perform, including small parts assembler, collator operator, and storage facility rental clerk. Tr. 25. Thus, the ALJ concluded plaintiff was not disabled. Tr. 26.

## DISCUSSION

Plaintiff argues that the ALJ improperly rejected his subjective symptom testimony.

**I.      Legal Standard**

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms alleged, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so."

3 – OPINION AND ORDER

*Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). The ALJ need not "perform a line-by-line exegesis of the claimant's testimony" or "draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). But Ninth Circuit law "plainly requires" that an ALJ do more than "offer[ ] non-specific conclusions that [the claimant's] testimony [is] inconsistent with [certain evidence]." *Id.* (citations omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See Soc. Sec. Ruling 16-3p: Titles II & XVI: Evaluation of Symptoms in Disability Claims*, SSR 16-3P (S.S.A. Mar. 16, 2016). SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at 1-2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at 4.

4 – OPINION AND ORDER

II.     **Background and Plaintiff's Testimony**

Prior to his alleged onset date, plaintiff had three separate spinal surgeries: a "C5-C6 anterior cervical discectomy and fusion" in 2015, a "posterior C3-C6 fusion in 2017, and [a] C3-C6 posterior instrumented fusion" in March 2018. Tr. 20. After his alleged onset date, plaintiff was still experiencing significant pain and was instructed by his doctor to stop working as "continuing to work could pose risk of injury that could worsen his pathology." Tr. 952. Plaintiff's doctor wrote a note to plaintiff's employer in support of a three-week leave of absence. Tr. 954. At the time, plaintiff was running a factory for Pacific Seafood, and his responsibilities included creating fish-based product and maintaining the machines for the facility. Tr. 45. Plaintiff did not return to work after the three-week leave. Tr. 55.

Plaintiff then saw a spine specialist who suspected it was "loose hardware" from plaintiff's previous surgery that was causing his pain. Tr. 584. On July 9, 2019, plaintiff had surgery to remove the hardware. Tr. 606. Unfortunately, the surgery did not improve his condition. Tr. 634 (two month follow up – "He is having a lot of pain in his forearms and hands . . . having trouble using his hands"; "He says that he is worse"); Tr. 635 ("[He] is clearly more symptomatic now. He has a complicated spine history. He is clearly having more trouble."); Tr. 660 (four month follow up – plaintiff is suffering with "pains down his arms and difficulty using his arms"; "He is still suffering a lot with neck pains"; "He has already applied for disability and he is waiting to hear but there is no chance that he would be able to work in the condition that he is in."). Plaintiff's spinal surgeon informed plaintiff that he had "exhausted all options for treatment" and began exploring imbedding a pain pump or a spinal cord stimulator in his spine to help control the pain. Tr. 925, 1002. Just prior to his hearing with the ALJ, plaintiff was approved to move forward with a spinal cord stimulator. Tr. 44.

Plaintiff was also diagnosed with severe carpal tunnel syndrome in his right hand and mild carpal tunnel syndrome in his left hand. Tr. 672. His medical provider noted that he was "not sure how much of the total arm symptoms are due to carpal tunnel but [plaintiff] clearly has numbness in his hands and forearms" and "it is likely related." Tr. 675. Plaintiff had carpal tunnel surgery in November of 2019. Tr. 699. Following surgery, plaintiff still had "radiating pain in the bilateral thumbs, ring fingers, and little fingers" and numbness in his right hand. Tr. 736.

Plaintiff testified that he tries to "keep moving as much as [he] can" but that he needs frequent breaks because of his pain. Tr. 62. He explained that he spends "40 percent" of his day "trying to do something" and "60 percent laying on the couch." Tr. 62. He experienced "[m]assive muscle twitches, massive muscle spasms, cramps, pain in [his] left shoulder, pain in [his] back, [his] left leg wouldn't work right, [and he's] basically stuck to the couch." Tr. 56. He described his hands felt "like they've been beaten with a baseball bat." Tr. 59.

### III.    Analysis

The ALJ concluded that plaintiff's testimony regarding his pain and limitations were inconsistent with his daily living activities, Tr. 23, and the medical record, Tr. 22. Plaintiff argues both reasons were in error.

#### A.    Daily Living Activities

An ALJ may invoke activities of daily living in the context of assessing symptom testimony to (1) illustrate a contradiction in previous testimony, or (2) demonstrate that the activities meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ noted that plaintiff was able to complete daily household tasks with rest breaks, that he drove, shopped for groceries, walked his dog, attended to his own personal needs,

prepared meals, and performed light housework, such as sweeping, washing dishes, and dusting. Tr. 23.

Plaintiff's ability to perform these minimal chores is not inconsistent with his reports of pain and need for rest, and the ALJ did not explain how these activities translate to work skills. *See Garrison*, 759 F.3d at 1016 (citing *Smolen*, 80 F.3d at 1287 n. 7) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication.") (citation omitted); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). Thus, this does not constitute a specific, clear and convincing reason to discount plaintiff's testimony.

### B. Medical Record

The ALJ discounted plaintiff's testimony regarding "the intensity, persistence, and limiting effects of his symptoms" because plaintiff's statements were "inconsistent" with the "clinical evidence and diagnostic findings." Tr. 22. In evaluating a claimant's subjective symptom testimony, an ALJ may consider whether it is consistent with the objective medical evidence. 20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3); SSR 16-3p, *available at* 2017 WL 5180304, at *7-8. The lack of objective medical evidence may not form the sole basis for discounting a claimant's testimony. *Tammy S. v. Comm'r Soc. Sec. Admin.*, No. 6:17-cv-01562-HZ, 2018 WL 5924505, at *4 (D. Or. Nov. 10, 2018) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")).

7 – OPINION AND ORDER

However, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weight it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original).

The ALJ observed "[t]he vocational expert testified that the claimant's past work was heavy, so it is reasonable that he would not be able to return to his past work, but nothing in the record prohibits him from maintaining light work duty." Tr. 22. In support of this conclusion, the ALJ noted that plaintiff retained "full motor strength in his back and neck despite neck pain." Tr. 22. The ALJ also noted that plaintiff's "gait remained within normal limits," and although his gait was slightly slowed with a slightly wide base, he did not need an assistive walking device. Tr. 23. The ALJ further noted that plaintiff had "been treated long-term with gabapentin, methocarbamol, and Norco to control or, at least, alleviate his symptoms," Tr. 21, but he had no side effects from his prescribed medications, Tr. 22, and plaintiff's doctor's concluded that his "best option for relief is a trial of a SCS [spinal cord stimulator]." Tr. 22-23.

However, the record shows that plaintiff's strength was not always within normal limits. *See* Tr. 402 (decreased muscle tone and decreased strength in upper extremities). And when plaintiff's doctor noted that plaintiff demonstrated full strength, it was in conjunction with the statement, "however, he had a brisk bilateral Hoffman sign," and the doctor proceeded to discuss plaintiff's spinal cord issues. Tr. 406. As the ALJ observed, plaintiff's range of motion in his neck was not within normal limits due to his spinal surgeries. Tr. 21. This decreased range of motion is not inconsistent with plaintiff's complaints of neck pain. Also, findings of normal back strength do not discount the pain that plaintiff described in his hands, which he said "felt like they were beat with a baseball bat." Tr. 56; *see also* Tr. 702 ("It feels like my fingers are constantly being squeezed by a vice.").

8 – OPINION AND ORDER

Plaintiff attempted to alleviate his pain by undergoing multiple spinal surgeries, physical therapy, and injections but without success. Tr. 582, 580. Plaintiff's medical providers apparently found plaintiff's ongoing complaints of pain were credible, as they prescribed powerful narcotic medications and a spinal cord stimulator, even while making the observations that plaintiff had full muscle strength and a normal gait. In sum, when the medical record is considered as a whole, it is not inconsistent with plaintiff's testimony regarding pain. Therefore, the ALJ failed to provide a specific, clear and convincing reason to discount plaintiff's subjective symptom testimony. *See Dianna F. v. Kijakazi*, No. 6:21-CV-1725-SI, 2023 WL 4760607, at *12 (D. Or. July 26, 2023) (observing the ALJ "fail[ed] to explain why a normal gait or normal strength is inconsistent with a personal experience of severe pain" and "[s]uch evidence is not inconsistent with Plaintiff's testimony regarding her pain").

## IV.   Remedy

When a court determines the Commissioner erred in some respect in deciding to deny benefits, the court may affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quotation omitted). In determining whether to remand for further proceedings or immediate payment of benefits, the Ninth Circuit employs the "credit-as-true" standard when the following requisites are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredit evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. *Garrison*, 759 F.3d at 1020. Even if all of the requisites are met, however, the court may still remand for

9 – OPINION AND ORDER

further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Id.* at 1021.

Here, the first requisite of the *Garrison* test is met. As discussed above, the ALJ improperly rejected plaintiff's subjective symptom testimony. Moreover, the record in this case is fully developed.

If the erroneously rejected evidence is properly credited, the ALJ would be required to find that plaintiff is disabled. Plaintiff testified that despite his surgeries and his pain medications, he needs to rest sixty percent of his day. Tr. 62. The vocational expert testified that "an individual can be off task, distracted[,] for 5 percent [of the workday]. But if it starts routinely being 10 percent, 10 percent every day, excluding . . . the few breaks and lunch breaks, this individual [] would not be able to maintain full time work." Tr. 76. Based on this testimony, the ALJ would be required to find plaintiff disabled. Finally, there is no serious doubt as to whether plaintiff is disabled based on his history of multiple spinal cord surgeries and ongoing treatment, including narcotic medications and a spinal cord stimulator for chronic pain. Therefore, remand for immediate award of benefits is appropriate.

## ORDER

The Commissioner's decision is REVERSED and REMANDED for immediate award of benefits.

DATED December 8, 2023.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge